UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROBIR K. BONDYOPADHYAY and MADHURI BONDYOPADHYAY, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:20-cv-03064 |
| BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, | § § § § | |
| *Defendants.* | § § | |

### BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP'S MOTION TO DISMISS

Pursuant to Rule 8 and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Barrett Dafffin Frappier Turner & Engel, LLP ("Defendant" or "Barrett Daffin") files this Motion to Dismiss in response to Plaintiffs Probir K. Bondyopadhyay and Madhuri Bondyopadhyay's ("Plaintiffs") Creation of a Fraudulent Trusteeship in Violation of Federal Bankruptcy Law (the "Complaint"). [Doc. 1]. Plaintiffs' Complaint fails to state a claim against Barrett Daffin and fails to satisfy the standards set forth by Federal Rules of Civil Procedure 8. In support of the foregoing, Barrett Daffin would respectfully show the Court the following:

### I.
### SUMMARY

1. Plaintiffs have sued Barrett Daffin and their mortgage company numerous times[1] regarding the foreclosure of the Property located at 14418 Oak Chase Drive, Houston, Texas 77062

---

[1] Defendant requests the Court take judicial notice of the pleadings on file in the following matters: (1) *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Countrywide Home Loans,* Cause No. 2003-37746 in the 127th Judicial District Court of Harris County Texas; (2) *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Bank of America;* Cause No. 2014–56962 in the 133rd Judicial District Court of Harris County, Texas; (3) *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Barrett Daffin Frappier Turner & Engel, LLP*; Cause No. 2015-67497 in the 11th Judicial District Court of Harris County, Texas; (4) *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay*

(the "Property"). In all of Plaintiffs' prior lawsuits against Barrett Daffin (or attorneys employed by Barrett Daffin) Plaintiffs' claims have stemmed solely from Barrett Daffin's representation of either the mortgage servicer or mortgagee on the Property.

2. No claims have been asserted against Barrett Daffin that arise out of any conduct other than the law firm's legal representation of its client, in protecting the client's interest in the Property vis-à-vis the interest of Plaintiffs. Plaintiffs' Complaint is devoid of any descriptive actions taken by Barrett Daffin that would subject the law firm to liability for conduct outside of its scope of representation of its clients.

3. <u>Attorney Immunity</u>. Barrett Daffin is the law firm retained by the mortgagee and/or mortgage servicer to assist with the foreclosure process adverse to Plaintiffs. Attorneys are generally immune from suit by a client's adversary for the legal services provided to the client in the adversarial process. Plaintiffs have failed to assert any claims against Barrett Daffin that arise out of conduct taken by the firm outside of its legal services. Given the foregoing, Plaintiffs have failed to state any claim upon which relief can be granted against Barrett Daffin.

4. <u>Res Judicata</u>. Plaintiffs' claims are barred by res judicata. A federal court determines the preclusiveness of state court judgments under the res judicata principles of the state from which the judgment originates. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). In Texas, res judicata or claims preclusion prevents a party from relitigating a claim finally adjudicated as well as matters that, within the use of diligence, the party could

---

*v. Bayview, et al.*, Cause No. 2017–01064 in the 133rd Judicial District Court of Harris County, Texas; (5) *Probir K. Bondyopadhyay and Madhuri Bondyopadhyay v. Barrett Daffin Frappier Turner & Engel, LLP*, Cause No. 2019-01192 in the 11th Judicial District Court of Harris County, Texas; and (6) *Probir K. Bondyopadhyay, et al., v. Bank of New York Mellon, as Trustee* and *Probir K. Bondyopadhyay, et al., v. Shellpoint Mortg. Servicing*, Civil Action 4:20-cv-1340 and 4:20-cv-1359 in the United States District Court, Southern District of Texas, Houston Division.

have litigated in the prior suit. *Id*. (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)).

5. Rooker-Feldman. Plaintiffs' claims are further barred by the *Rooker-Feldman* doctrine as there is a Final Judgment in a Texas State Court adjudicating the exact issue on which all of Plaintiffs' claims are based. Plaintiffs' suit herein is an impermissible collateral attack on a final judgment of the state court.

## II.
## ARGUMENT AND AUTHORITIES

**A. Dismissal is Proper Under Rule 8 of the Federal Rules of Civil Procedure.**

6. First, Plaintiffs' Complaint is subject to dismissal because it fails to satisfy the requirements of Rule 8. Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." See Fed. R. Civ. P. 8. Further, Rule 8(d), specifically states that "[e]ach allegation must be simple, concise, and direct." *Id*. To avoid judgment on the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (2007). "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993). It is appropriate to strike a pleading for gross violation of Rule 8, or when material contained in pleading is scandalous, immaterial or redundant. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979). Plaintiffs' Complaint fails to meet the Rule 8 standards. Given the foregoing, Barrett Daffin is entitled to the dismissal of Plaintiffs' Complaint.

H610-2040 / BDF 5679493 Bondyopadhyay

**B.     The Applicable Standard for a 12(B)(6) Motion.**

7.     To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

**C.     Res Judicata Bars Plaintiffs' Claims.**

8.     Res judicata precludes the re–litigation of a claim or cause of action that has been finally adjudicated, and also related matters that, through diligence, should have been litigated in the earlier suit. *Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). A determination of what constitutes the same subject matter requires a factual analysis of the previous lawsuit, and any cause of action which arises out of the same set of facts should have been litigated. *Amstadt*, 919 S.W.2d at 653.

9.     The requirements for a claim of res judicata are: (1) a court of competent jurisdiction rendered a final judgment on the merits in the first suit; (2) the parties in the first suit are the same as those in the second suit (or, if they are not the same, the parties are in privity with

them); and (3) the second suit is based on the same claims as those raised or that could have been raised in the first suit. *Igal*, 250 S.W.3d at 86; *Amstadt*, 919 S.W.2d at 652. Texas courts follow the transactional approach that bars subsequent lawsuits that arise out of the same subject matter as the prior lawsuit when that subject matter could have been litigated in the prior lawsuit. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010); *Tex. Water Rights Comm'n v. Crow Iron Work*, 582 S.W.2d 768, 771-72 (Tex. 1979)).

10. This is the Plaintiffs' **ninth** lawsuit involving the foreclosure of the Property and **third lawsuit** against the Attorney Defendant Barrett Daffin. Plaintiffs' prior suits regarding the foreclosure (all of which were resolved against them) include:

a. *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Countrywide Home Loans,* Cause No. **2003-37746** in the 127th Judicial District Court of Harris County Texas - dismissed for want of prosecution.

b. *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Bank of America;* Cause No. **2014–56962** in the 133rd Judicial District Court of Harris County, Texas - dismissed by final summary judgment against Plaintiffs.

c. ***Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Anthony Scott Vincent and Barrett Daffin Frappier Turner & Engel, LLP; Cause No. 2015-67497 in the 11th Judicial District Court of Harris County, Texas - dismissed by final summary judgment against Plaintiffs ("First BDF Lawsuit").***

d. *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Bayview, et al.*, Cause No. **2017–01064** in the 133rd Judicial District Court of Harris County, Texas - dismissed by final summary judgment against Plaintiffs.

e. *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Bank of New York Mellon.*, Cause No. **2018–88693** in the 133rd Judicial District Court of Harris County, Texas - dismissed by final summary judgment against Plaintiffs.

f. ***Probir K. Bondyopadhyay and Madhuri Bondyopadhyay v. Barrett Daffin Frappier Turner & Engel, LLP, Cause No. 2019-01192 in the 11th Judicial District Court of Harris County, Texas - dismissed for failure to state a claim under Tex. R. Civ. P. 91a ("Second BDF Lawsuit").***

    g. *Probir K. Bondyopadhyay & Madhuri Bondyopadhyay v. Bayview, et al.*, Cause No. **2019-68895** in the 61st Judicial District Court of Harris County, Texas removed to federal court on April 15, 2020 in *Probir K. Bondyopadhyay, et al., v. Bank of New York Mellon, as Trustee,* Civil Action **4:20-cv-1340**, in the United States District Court, Southern District of Texas, Houston Division - dismissed with prejudice.

    h. *Probir K. Bondyopadhyay, et al., v. Shellpoint Mortg. Servicing,* Cause No. **2020-17640**, In the 270th Judicial District Court of Harris County, Texas removed to federal court on April 16, 2020 in *Probir K. Bondyopadhyay, et al., v. Shellpoint Mortg. Servicing*, and **4:20-cv-1359** in the United States District Court, Southern District of Texas, Houston Division - dismissed with prejudice.

    11.    In this case, though it is difficult to discern from their mostly incoherent pleadings (as was also the same in Plaintiffs' previous lawsuits), it appears that Plaintiffs are attempting to re–litigate the same fraud and conspiratorial claims that they litigated and lost in their 2015 and 2019 lawsuits against Barrett Daffin; the 2015 case was resolved by summary judgment and the 2019 case was dismissed under Rule 91a. All suits filed by Plaintiffs relating to the foreclosure of the Property (whether brought against the mortgagee, mortgage servicer, or Attorney Defendant) have all been dismissed with prejudice.

    12.    Plaintiffs' claims are barred because (1) a court of competent jurisdiction (11th Judicial District Court of Harris County, Texas) rendered a final judgment on the merits in the First Barrett Daffin Lawsuit and the Second Barrett Daffin Lawsuit; (2) the parties in the first suit are the same as those in the second suit - Plaintiffs sued Barrett Daffin in the First Lawsuit, the Second Lawsuit as well as herein; and (3) the current suit is based on the same claims as those raised or that could have been raised in the first suit - Plaintiffs' fraud and conspiracy claims, though difficult to extricate from their pleadings are based upon their same theory about Countrywide, Bank of America and how Barrett Daffin somehow created a fake loan.

    13.    Plaintiffs' foreclosure fraud and loan servicer fraud claims in the 2014, 2015, 2017, 2019 and 2020 lawsuits—based on the same allegations asserted in this lawsuit—were fairly and

fully litigated, with each defendant obtaining a summary judgment or dismissal on the merits. These judgments and dismissal orders are all final. Plaintiffs are therefore barred—as a matter of law—under the doctrines of res judicata and collateral estoppel and this matter must be dismissed with prejudice.

**D.     Rooker-Feldman Bars Plaintiffs' Improper Attack on State Court Judgment.**

14.     Plaintiffs' claims are also barred herein by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir.1994). A state court judgment is attacked for purposes of *Rooker-Feldman* "when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 350 (5th Cir.2003), or where the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

15.     Although Plaintiffs' Complaint does not expressly seek appellate review of the Final Judgment in the literal sense, the doctrine is nonetheless applicable whenever the state and federal proceedings would be inextricably intertwined. *See Davis v. Bayless,* 70 F.3d 367, 375–76 (5th Cir.1995).  It is clear that the issues presented by Plaintiffs in this case are inextricably intertwined with the issues previously adjudicated twice by the 11th District Court of Harris County, Texas.  Therefore, the *Rooker-Feldman* doctrine is applicable, and allowing Plaintiffs' case to proceed would circumvent the Judgment.  Accordingly, Plaintiffs' claims should be dismissed.

16.     A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.  If

the district court is confronted with issues that are "inextricably intertwined" with a state court judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

17. Plaintiffs' claims regarding the validity of the Note, and Countrywide's efforts geared toward collecting on the Note, were previously determined by the 11th District Court of Harris County, Texas, from which no appeal was taken (on either case) to the appropriate state appellate court. The Fifth Circuit has already addressed the inability of a state court litigant (to a foreclosure proceeding) to gain a second bite at the apple in federal court. In *Shepherd*, the United States government filed suit in the Northern District of Texas seeking to set aside and void a previous judgment in state court confirming the validity of a series of foreclosure sales. *See United States v. Shepherd,* 23 F.3d 923 (5th Cir. 1994). Therein, the government claimed that the opposing party had engaged in a scheme to extinguish the government's interest in the property through a series of fraudulent foreclosure sales. The Fifth Circuit dismissed the case for want of jurisdiction and stated in dicta:

> It may be that the government has now forfeited some of these remedies by failing to exercise its rights in the state court. However, such forfeiture cannot be blamed on anyone but the government. The government made the conscious decision to ignore the state court's jurisdiction, and now it must live with the consequences.

*United States v. Shepherd*, at 92

18. Simply put, the state court has already been called upon to make a "judicial inquiry" into the merits of Plaintiffs' claims of fraud against Barrett Daffin. A judicial inquiry is one in which the court is called upon to investigate, declare, and enforce, "liabilities as they [stood] on present or past facts and under laws supposed already to exist." *See Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226. Matters arising out of a judicial proceeding in state court are to be resolved

by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. *See Liedtke,* 18 F.3d at 317; *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923).

**E.      Barrett Daffin is Immune from Suit on the Grounds of Attorney Immunity.**

19.      To the extent any of Plaintiffs' current claims are not barred by either res judicata or the *Rooker-Feldman* doctrine, Plaintiffs' claims are barred by attorney immunity. Barrett Daffin was retained as legal counsel to assist with the foreclosure of the Property and to protect its clients' interest in the Property compared to the interest of Plaintiffs.[2] Barrett Daffin is immune from suit because, in general, attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys. An attorney enjoys "qualified immunity," with respect to non-clients, for actions taken in connection with representing a client in adversarial circumstances. *See, e.g.*, *Butler v. Lilly*, 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd); *See also, Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (affirming trial court's dismissal of claims against attorney on ground that because of attorney's immunity from suit, plaintiff failed to allege a claim or plead a cause of action for which relief could be granted). The purpose of the attorney-immunity defense is to ensure "'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.–Dallas 2000, pet. denied)). *Rogers v. Walker,* 2017 WL 3298228 (Tex. App.—Beaumont, August 3, 2017).

---

[2] Plaintiff concedes in his Complaint that Barrett Daffin represented the mortgage servicers of Plaintiffs' loan. *See Plaintiffs' Complaint* [Doc. 1] at 4.1, 4.3, 5.1, FACT-11 (page 10), FACT-12 (page 11),   All Barrett Daffin's alleged conduct in Plaintiffs complaint stem from that representative.

20. Based on an overriding public policy, Texas courts have consistently held that an opposing party "does not have a right of recovery, **under any cause of action,** against another attorney arising from the discharge of his duties in representing a party…" *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996) (emp. in the original). Attorneys have an absolute right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas, 1910, writ ref'd).

21. The Texas Supreme Court's opinion in *Cantey Hanger, LLP v. Byrd* confirmed a long line of well-reasoned cases that stand for the proposition that regardless of whether an attorney's work is merit-filled or defective (or performed in litigation or transactional work), if the work constitutes the performance of legal services on behalf of a client then the lawyer is immune to liability from third parties in connection with such work.[3] *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d at 483 (Tex. 2015).

22. The Fifth Circuit has repeatedly echoed the Texas Supreme Court's holding in *Cantey Hanger* as reflected by the Fifth Circuit's repeated affirmance of 12(b)(6) dismissals of counsel, such as Barrett Daffin, from cases similar to this matter.[4] See, *Troice v. Proskauer Rose, LLP,* 816 F.3d at 346.

---

[3] Also see, *Rawhide Mesa-Partners, Ltd. v. Brown McCarroll, LLP*, 344 S.W.3d 56, 62 (Tex. App.—Eastland 2011, no pet.) (in a business transaction, attorney not ordinarily liable to non-clients because such liability would threaten zealous representation); *Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.,* 2008 WL 746548, *9–11 (Tex. App.--Houston [1st Dist.] Mar. 20, 2008, pet. denied) (mem. op.) (applying attorney immunity to actions both prior to and during litigation); *Reagan Nat'l Adver. of Austin, Inc. v. Hazen,* 2008 WL 2938823, at *2 (Tex. App.--Austin July 29, 2008, no pet.) (mem. op.) (noting that attorney immunity is not limited to litigation conduct); *See also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999)(explaining that the concept of adversity is not limited to litigation because "[t]he same policy considerations apply to business and commercial transactions.").

[4] *Johnson v. Ashmore*, 681 Fed. Appx. 345 (5th Cir. 2017)(finding attorney immunity applies to actions of attorney in representing her client in non-litigation context); *Rojas v. Wells Fargo Bank, N.A.,* 571 Fed. Appx. 274 (5th Cir. 2014)(Barrett Daffin Frappier Turner & Engel, L.L.P. was dismissed as improperly joined because attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the

23. Even if Barrett Daffin's legal representation was somehow flawed (which it was not), attorney immunity generally applies even if conduct is improper in the context of the underlying matter. *See Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 288 (Tex. App.—Fort Worth 1997, writ denied) ("Under Texas law, attorneys cannot be held liable for wrongful litigation conduct."). An attorney's conduct, even if frivolous, negligent or without merit, is not independently actionable (apart from, of course, potential court reprisal) if the conduct is part of the discharge of the lawyer's duties in representing his client. *See generally*, *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (attorney's conduct in disbursing funds to trusts under terms of a settlement agreement, not actionable, even if frivolous or without merit, as conduct was part of discharging duties in representing client); *Bradt v. West*, 892 S.W.2d 56, 71-74 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

24. Texas has a strong public policy of protecting attorneys against the claims of third parties in an effort to facilitate zealous legal representation. Barrett Daffin's conduct on behalf of its clients does not expose Barrett Daffin to liability to a third party such as Plaintiffs. As such, Plaintiffs have failed to assert any cause of action against Barrett Daffin upon which Plaintiffs could conceptually obtain relief. Plaintiffs' Complaint, though mostly unintelligible, fails to state any claim against Barrett Daffin and Barrett Daffin should be dismissed from this lawsuit.

---

duties involved in representing a client); *L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748 (5th Cir. 2014)(Barret Daffin dismissed on ground of attorney immunity); *Iqbal v. Bank of America, N.A.*, 559 Fed. Appx. 363 (5th Cir. 2014)(dismissing Barrett Daffin on ground of attorney immunity as they were retained to assist in the foreclosure, and the actions complained of were within the scope of their representation).

## III.
## DISMISSAL WITH PREJUDICE

25. The Court should deny Plaintiffs an opportunity to amend because any amendment to their pleadings would be futile. *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Plaintiffs' allegations do not give rise to a plausible cause of action against Barrett Daffin as Plaintiffs' claims are barred by res judicata, *Rooker-Feldman* doctrine and qualified attorney immunity protects the law firm from liability. Even if all facts alleged by Plaintiffs are assumed true, no viable cause of action exists against Barrett Daffin as Plaintiffs have not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Barrett Daffin's Motion to Dismiss should be granted because the Plaintiffs have failed to state a claim against Barrett Daffin upon which relief can be granted. Further, even if allowed the opportunity to amend, Plaintiffs cannot assert a viable claim against Barrett Daffin. As such, Plaintiffs' claims against Barrett Daffin should be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.
## PRAYER

Pursuant the reasons set out herein, Defendant Barrett Daffin respectfully requests that the Court dismiss Plaintiffs' Complaint [Doc 1] against it for failure to state a claim upon which relief can be granted, thereby dismissing Plaintiffs' case with prejudice and further requests that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HOPKINS LAW, PLLC**

By: /s/ *Shelley L.. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
SD ID No. 92646
Mark D. Hopkins – *Attorney in Charge*
State Bar No. 00793975
SD ID No. 20322
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

**ATTORNEYS FOR DEFENDANT
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

*VIA CM/RRR # 7019 1640 0001 2902 8158*
*AND VIA REGULAR MAIL:*
Probir K. Bondyopadhyay
14418 Oak Chase Drive
Houston, Texas 77062-2038
**PRO SE PLAINTIFF**

*VIA CM/RRR # 7019 1640 0001 2902 8165*
*AND VIA REGULAR MAIL:*
Madhuri Bondyopadhyay
14418 Oak Chase Drive
Houston, Texas 77062-2038
**PRO SE PLAINTIFF**

/s/ *Mark D. Hopkins*
Mark D. Hopkins